Archibald C. Wemple, J.
It appears from the testimony elicited at the hearing held on February 3, 1958 that Alfred Stark, the third party, and Anthony Von Stetina and Mary Von Stetina, the judgment debtors, entered into an “ employment contract ” dated September 9, 1957 in and by which the Von Stetinas sold their fuel and kerosene oil business to the third party. Under the agreement, the third party employed the second parties (judgment debtors herein) to maintain and operate under the control and supervision of the third party *488 the business “ formerly owned ” by the debtors. All deliveries of fuel oil were to be made by the debtors upon merchandise purchased on the credit of the third party and in vehicles owned by the third party, but lettered under the name of “ yon stetina”, the debtors. The customers were to be considered customers of the third party. The debtors were to receive a certain percentage of all sales for delivering to, serving and maintaining records pertaining to the business done under the contract. In addition, 10% of such income was to be paid to one Nicholas J. Grasso for the benefit of creditors of the debtors. The agreement was to be perpetual, subject to certain rights of cancellation. There were restraint clauses in the agreement imposing restrictions upon the debtors as to their business activities. The debtors also retained, under the contract, a limited right to repurchase the business under certain circumstances.
It appears that the contract in question in reality provided for the continuation of the business of the debtors under a sort of “protectorate ” of the third party.
The essence of this agreement provided that the net benefits from the operation of the business, while it continued under the protectorate plan, would inure to the benefit of the debtors. It is to be assumed, then, that the business was operated essentially on an independent contractor basis rather than an employment basis. Under the circumstances, it would furthermore appear that moneys due the judgment debtors in the hands of the creditor were reachable in this proceeding.
Motion of judgment creditor for application of part or all of the said funds on deposit toward the satisfaction of the judgment above named is hereby granted. Allowance is to be made for reasonable support of the family as hereinbefore provided.
Submit order.